**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000054
29-JUN-2021
08:02 AM
Dkt. 45 SO

NO. CAAP-20-0000054

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF ATTORNEY'S FEES PERTAINING
TO ALEX M. SONSON, ESQ., Appellee,

IN THE CASE OF ASUNCION T. JENKINS,
Claimant-Appellant,
v.
SINALOA HAWAII TORTILLAS, INC.,
Employer-Appellee
and
FIRSTCOMP UNDERWRITERS GROUP, INC.,
Insurance Carrier-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO.  AB 2015-021 / DCD NO. 2-10-05134)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

Self-Represented Claimant-Appellant Asuncion T. Jenkins
(**Jenkins**) appeals from two orders of the Labor and Industrial
Relations Appeals Board (**LIRAB**):  (1) a December 30, 2019 Full
Settlement, Compromise, Release and Indemnification Agreement;
Approval and Order (**Order Approving Settlement Agreement**); and
(2) a December 30, 2019 Approval of Attorney's Fees (**Order
Approving Attorney's Fees**).  Jenkins' primary contention in this
appeal centers on the Order Approving Attorney's Fees, where the
LIRAB approved Appellee-Real-Party-in-Interest Alex M. Sonson,
Esq.'s (**Sonson**) attorney's fees totaling $17,176.21, "for
services rendered in Case No. 2-10-05134[,]" and the fees having
been "determined to be reasonable."

Jenkins' Opening Brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b) because, *inter alia*, it fails to:  include appropriate record references; identify where in the record the alleged error occurred and was objected to or brought to the attention of the agency; and cite the authorities, statutes, and parts of the record on which Jenkins relied.  While HRAP Rule 30 provides that a non-conforming brief may lead to dismissal of an appeal, the Hawaiʻi Supreme Court has stated that, to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally; and that self-represented litigants should not be automatically foreclosed from appellate review because they fail to comply with court rules.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  Accordingly, we address Jenkins' points of error to the extent feasible and practicable.  Id.

On appeal, Jenkins appears to object that her lawyer, Sonson, "IS GETTING THE AMOUNT OF $8,936.80 FROM MONEY THAT AWARDED [sic] BY DEPARTMENT OF LABOR[,]" and that the attorney's fees award totaled $17,176.21. (Capitalization in original). Jenkins also objects to the following:  (1) a letter from Employer-Appellee Sinaloa Hawaiian Tortillas Inc.'s (**Employer**) counsel was given to her late; (2) Sonson did not discuss the settlement agreement with her prior to her signing; (3) Sonson asked Jenkins to sign the settlement agreement without explanation as to the amount to be deducted; (4) a copy of the "resolution" dated April 25, 2018 was not given to Jenkins; (5) the amount of $8,936.80 was the amount Sonson told her would be paid out for attorney's and paralegal fees; (6) the amended request for approval of attorney's and paralegal fees, requested on April 14, 2018, and the approval and order filed on April 25, 2018, was the final amount; and (7) Jenkins requested, but did not receive, a copy of the attorney's fee approval and order dated January 24, 2020.

Upon careful review of the record and the brief[1] submitted in this matter, and having given due consideration to the arguments advanced and the issues raised as best we can discern them, we resolve Jenkins' points of error as follows, and affirm.

The underlying proceeding involved Jenkins' workers compensation claim against Employer. On December 30, 2019, the parties filed a "Full Settlement, Compromise, Release and Indemnification Agreement" (**Settlement Agreement**), which provided for a full and final settlement of Jenkins' compensation claim for a total settlement amount of $97,254.40, to be paid to Jenkins in one lump sum, within 31 days of the Director's approval of the Settlement Agreement, less approved attorney's fees and costs, if any. The Settlement Agreement was signed by Jenkins, Sonson, and counsel for Employer, and includes the Order Approving Settlement Agreement. Also on December 30, 2019, the Director issued the Order Approving Attorney's Fees. Jenkins timely appealed.

An award of reasonable attorney's fees and costs pursuant to HRS § 386-94 (2015)[2] is reviewed under the abuse of

---

[1] Sonson failed to file an Answering Brief in this matter.

Employer and Insurance Carrier/Administrator-Appellee FirstComp Insurance Co./Markel Service, Inc. filed a statement of no position regarding Jenkins' Opening Brief.

[2] HRS § 386-94, in Hawaiʻi Workers' Compensation Law, Chapter 386, provides in pertinent part:

> Claims for services shall not be valid unless approved by the director or, if an appeal is had, by the appellate board or court deciding the appeal. Any claim so approved shall be a lien upon the compensation in the manner and to the extent fixed by the director, the appellate board, or the court.
>
> In approving fee requests, the director, appeals board, or court may consider factors such as the attorney's skill and experience in state workers' compensation matters, the amount of time and effort required by the complexity of the case, the novelty and difficulty of issues involved, the amount of fees awarded in similar cases, benefits obtained for the claimant, and the hourly rate customarily awarded attorneys possessing similar skills and experience. In all cases, reasonable attorney's fees shall be awarded.

discretion standard.  <u>See</u> <u>McLaren v. Paradise Inn Hawaii LLC</u>, 132 Hawaiʻi 320, 331-32, 321 P.3d 671, 682-83 (2014).

In this case, other than objections to Sonson's handling of, and communication regarding the Settlement Agreement and the amount of attorney's fees approved by the LIRAB, Jenkins' Opening Brief presents no legal argument or legal authority as to why the LIRAB's approval of the Order Approving Settlement Agreement and Order Approving Attorney's Fees was improper.  The record does not indicate any abuse of discretion by the LIRAB in its review of Sonson's attorney's fees, and its determination that said fees were reasonable.  <u>See</u> <u>id.</u>

Therefore, IT IS HEREBY ORDERED that the Full Settlement, Compromise, Release and Indemnification Agreement; Approval and Order, and the Approval of Attorney's Fees, of the Labor and Industrial Relations Appeals Board, both filed on December 30, 2019, are affirmed.

DATED:  Honolulu, Hawaiʻi, June 29, 2021.

On the brief:

Asuncion T. Jenkins
Claimant-Appellant

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge